IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BELU ALLAM, M.D., § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-11-4387 |
| § | | |
| JPMORGAN CHASE BANK, N.A., § | | |
|     Defendant. § | | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 53] filed by Defendant JPMorgan Chase Bank, N.A. ("Chase"), seeking summary judgment based on a release. Plaintiff Belu Allam filed a Response [Doc. # 58], and Chase filed a Reply [Doc. # 63]. Plaintiff filed her own Motion for Partial Summary Judgment [Doc. # 62] on the release issue, to which Chase filed a Response [Doc. # 69].[1] Having reviewed the record and applied governing legal authorities, the Court **grants** Defendant's Motion and **denies** Plaintiff's Motion.

---

[1] Also pending are Chase's Second Motion for Summary Judgment [Doc. # 54], to which Plaintiff filed a Response [Doc. # 59], and Chase filed a Reply [Doc. # 67]; Chase's Motion to Exclude the Testimony of Steven M. Silver [Doc. # 56], to which Plaintiff filed a Response [Doc. # 61], and Chase filed a Reply [Doc. # 65]; Chase's Motion to Exclude the Testimony of Suresh Shenoy [Doc. # 57], to which Plaintiff filed a Response [Doc. # 60], and Chase filed a Reply [Doc. # 64]; and Chase's Third Motion for Summary Judgment [Doc. # 66], to which Plaintiff filed a Response [Doc. # 71], and Chase filed a Reply [Doc. # 72]. Because Defendant is entitled to summary judgment on the release issue, these Motions are denied as moot.

## I.     BACKGROUND

Plaintiff had a safe deposit box, Box No. SL-29, at Chase's Cypress Station branch. Plaintiff alleges that she kept valuable jewelry in the safe deposit box. Plaintiff alleges that she accessed her safe deposit box in February 2011 and could not find certain pieces of jewelry. Plaintiff at that time thought the pieces of jewelry might be at her home or with her daughter rather than in the safe deposit box.

Plaintiff alleges that she later believed another piece of jewelry was missing from the safe deposit box. Plaintiff alleged in her Original Petition that she then put additional pieces of jewelry into the safe deposit box on June 21, 2011, which she discovered were missing on June 28, 2011.[2] On that date, Plaintiff surrendered her safe deposit box No. SL-29 and signed a release. That same day, Plaintiff rented a different safe deposit box, No. SL-40, at the same branch.

On November 17, 2011, Plaintiff filed this lawsuit against Chase in Texas state court. Chase filed a timely Notice of Removal. After a full opportunity to complete discovery, Chase filed a Motion for Summary Judgment based on a release signed by

---

[2]  In her First Amended Complaint [Doc. # 17] filed July 9, 2012, Plaintiff deleted the allegation that she placed additional jewelry into the safe deposit box on June 21, 2011, and discovered those pieces of jewelry missing on June 28, 2011. The allegation returns, however, in Plaintiff's affidavit submitted in support of her Motion for Summary Judgment. *See* Affidavit of Belu Allam, M.D., Exh. B to Plaintiff's Motion for Summary Judgment [Doc. # 62], ¶ 16.

Plaintiff in June 2011. Plaintiff filed a Motion for Partial Summary Judgment, arguing that the release is invalid for lack of consideration. The Motions have been fully briefed and are ripe for decision.

## II.     SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case.

*See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not

met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence. *See Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-413). The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413). Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(c)(4); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000);

*Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *See In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000) ("A party's self-serving and unsupported claim that she lacked the requisite intent is not sufficient to defeat summary judgment where the evidence otherwise supports a finding of fraud.").

### III.   ANALYSIS

When Plaintiff surrendered the safe deposit box in June 2011, she signed a release providing that the safe deposit box "is surrendered and the Bank is released from all liability." *See* Release, Exh. D to Motion for Summary Judgment. Plaintiff signed directly beneath the release language.

Defendant has moved for summary judgment based on the release Plaintiff signed in June 2011. Unless and until a release that is valid on its face is set aside, it operates as a bar to any lawsuit based on matters covered in the release. *See Tamez v. SW Motor Transp., Inc.,* 155 S.W.3d 564, 569 (Tex. App. – San Antonio 2004, no pet.).

Plaintiff has moved for summary judgment that the release is invalid because it lacks consideration. To be enforceable, a release or other contract must be supported by valid consideration. *See U. S. Fire Ins. Co. v. Republic Nat'l Life Ins.*

*Co.*, 602 S.W.2d 527, 529-30 (Tex. 1980); *Tex. Gas Utils. Co. v. Barrett*, 460 S.W.2d 409, 412 (Tex. 1970); *McLernon v. Dynegy, Inc.*, 347 S.W.3d 315, 335 (Tex. App. – Houston [14th Dist.] 2011, no pet.). "What constitutes consideration for a contract is a question of law." *Burges v. Mosley*, 304 S.W.3d 623, 629 (Tex. App. – Tyler 2010, no pet.) (citing *Brownwood Ross Co. v. Maverick County*, 936 S.W.2d 42, 45 (Tex. App. – San Antonio 1996, writ denied).

In this case, Defendant has presented evidence that it gave Plaintiff a $100 credit as consideration for the release. *See* Motion for Summary Judgment, Exh. G. The credit was applied to the first annual rental fee for Box No. SL-40. *See id.* The standard annual rental fee for the new box was $650.00. However, Plaintiff only paid $420.00 for the first annual fee. She was given a $130.00 discount for having Premium customer status and, significantly, was given the $100.00 credit in exchange for the release.

Plaintiff concedes that she received the $100 credit. Plaintiff argues, however, that the $100 credit was not consideration for the release but was, instead, a credit for the days remaining on Box No. SL-29 for which she had already paid. Plaintiff does not provide any calculation or other evidence that the $100 credit was for the unexpired term of the lease for Box No. SL-29, and a calculation of the remaining days results in an amount significantly less than $100.00. It is undisputed that

Plaintiff first rented Box No. SL-29 on September 17, 2009, and that the annual rental fee for the year September 17, 2010 - September 17, 2011 was $220.00. It is also undisputed that Plaintiff terminated her lease of Box No. SL-29 on June 28, 2011, which was 81 days before the rental period ended on September 17, 2011. This would leave a remaining balance of only $48.82.[3] Plaintiff offers no explanation why Chase would give her a $100.00 credit for a $48.82 balance of unused rent on Box No. SL-29. The record also reflects that in 2009 when Plaintiff moved from a different box into Box No. SL-29, she was given a refund of $60.67. This was the precise amount remaining on the prior box, not a $100 credit. Moreover, whether Chase provided the entire $100 credit as consideration, or only the amount above $48.82, Chase clearly provided consideration for the release. Chase is entitled to summary judgment based on the existence of a valid release.

## IV.  **CONCLUSION AND ORDER**

Plaintiff signed a valid release, supported by consideration, releasing Chase from all liability arising from Plaintiff's use of the safe deposit box No. SL-29. As a result, it is hereby

---

[3] Defendant calculates the remaining period at 82 days and the remaining balance at $49.50. Either way, the remaining balance is significantly less than and different from the $100.00 credit given to Plaintiff.

**ORDERED** that Defendant's Motion for Summary Judgment base d on the release [Doc. # 53] is **GRANTED** and Plaintiff's Motion for Partial Summary Judgment on the release [Doc. # 62] is **DENIED**. It is further

**ORDERED** that all other pending motions are **DENIED AS MOOT**.

The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **22nd** day of **February, 2013**.

_____
Nancy F. Atlas
United States District Judge