IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BELU ALLAM, M.D., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-11-4387 |
| § | | |
| JPMORGAN CHASE BANK, N.A., § | | |
| Defendant. § | | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for New Trial and Motion to Alter Final Judgment ("Rule 60(b) Motion") [Doc. # 76] filed by Plaintiff Belu Allam, to which Defendant JPMorgan Chase Bank, N.A. ("Chase") filed a Response [Doc. # 80]. Plaintiff neither filed a Reply nor requested additional time to do so. Having reviewed the record and applied governing legal authorities, the Court **denies** Plaintiff's Rule 60(b) Motion.

### I.   BACKGROUND

The factual background of this case is set forth fully in the Memorandum and Order [Doc. # 73] granting Defendant's Motion for Summary Judgment. Briefly, Plaintiff had a safe deposit box at Chase's Cypress Station branch. Plaintiff alleges that she kept valuable jewelry in the safe deposit box, and that the jewelry was later

missing. On June 28, 2011, Plaintiff surrendered her safe deposit box and signed a release.

On November 17, 2011, Plaintiff filed this lawsuit against Chase in Texas state court. Chase filed a timely Notice of Removal. The Court granted Chase's Motion for Summary Judgment, finding that Plaintiff had released all claims against Chase when surrendering the safe deposit box and that the release was supported by consideration. Plaintiff has now moved for reconsideration, and the Rule 60(b) Motion is ripe for decision.

## II.     RULE 60(b) STANDARD AND ANALYSIS

Plaintiff seeks reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure of the Court's entry of final judgment in favor of Chase. *See* Motion [Doc. # 76], p. 1. Plaintiff argues that there was no competent summary judgment evidence that Chase gave consideration for the release. Plaintiff argues also that her claim under the Texas Deceptive Trade Practices Act ("DTPA") was not covered by the Court's prior ruling.

Rule 60(b) contains six alternative grounds for relief:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or

>discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from operation of the judgment.

FED. R. CIV. P. 60(b).  A Rule 60(b) motion may not be used to raise arguments that could have been raised prior to judgment or to argue new legal theories. *See Williams v. Toyota Motor Engineering & Mfg. N. Am, Inc.*, 2012 WL 1521640, at *3 (5th Cir. May 1, 2012) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003); *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

Plaintiff does not identify any specific provision of Rule 60(b) as the basis for her Motion.  Plaintiff submits copies of documents and her own affidavit in support of her Rule 60(b) Motion and, therefore, may be seeking relief pursuant to Rule 60(b)(2).  "Under Rule 60(b)(2), '[t]o succeed on a motion for relief from judgment based on newly discovered evidence, our law provides that a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.'"  *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005) (quoting *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003)).  Plaintiff has failed to assert or establish that the evidence on which she now relies could not have been obtained through reasonable

diligence. Consequently, Plaintiff has failed to demonstrate that she is entitled to relief under this section.

To the extent Plaintiff may be relying on Rule 60(b)(6), that provision allows a party to be relieved from a final judgment for "any other reason that justifies relief." Rule 60(b)(6) is a "residual or catch-all provision to cover unforeseen contingencies." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993). Only extraordinary circumstances justify "sacrificing 'the principle of finality' that undergirds Rule 60(b)." *Weckesser v. Chicago Bridge And Iron, L.G.*, 447 F. App'x 526, 530 (5th Cir. 2011) (quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 642 (5th Cir. 2005)). Plaintiff has failed to identify any extraordinary circumstances that justify relief under Rule 60(b)(6).

Plaintiff argues that there was no competent summary judgment evidence that Defendant gave consideration for the release. As discussed fully in the Court's Memorandum and Order [Doc. # 73], Plaintiff signed a release that stated clearly and unequivocally immediately above her signature that she was releasing Defendant "from all liability." Defendant presented evidence showing that it gave consideration for the release in the form of a $100.00 credit applied to Plaintiff's rental of a different safe deposit box at the same branch. Plaintiff's argument that the credit was for some purpose other than the release was refuted by documentary evidence in the record. As

a result, there was competent, uncontroverted evidence that Defendant paid consideration for the release.

Plaintiff's argument regarding the DTPA claim – that the release was "unconscionable" – is equally unpersuasive. First, on its face, the release covered "all liability." Plaintiff does not explain why "all liability" would not include a DTPA claim. Moreover, in the Motion for Summary Judgment, Defendant noted that Plaintiff asserted in the Complaint that the release was "unconscionable." *See* Motion for Summary Judgment [Doc. # 53], ¶ 17. Defendant then argued that the typewritten release was less than one inch above the line where Plaintiff signed and that Plaintiff had admitted in her deposition that she was not forced to sign the release. *Id.* (citing Plaintiff's Deposition, Exh. J to Motion for Summary Judgment, pp. 44-45). Plaintiff failed to address these arguments in her Response, and cannot do so for the first time in a Rule 60(b) Motion. In any event, Plaintiff is a well-educated, intelligent professional, and there is no evidence that raises a genuine issue of material fact that the release was "unconscionable."

### III.   CONCLUSION AND ORDER

Plaintiff has failed to assert or establish a valid basis under Rule 60(b) for reconsideration of the Court's entry of summary judgment in Defendant's favor. As a result, it is hereby

**ORDERED** that Plaintiff's Motion for New Trial and Motion to Alter Final Judgment [Doc. # 76] is **DENIED**.

SIGNED at Houston, Texas, this 23rd day of **April, 2013**.

_____
Nancy F. Atlas
United States District Judge